IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **EVANS ADHESIVE CORPORATION,** | : | Case No. 2:23-cv-1801 |
| | : | |
| **Plaintiff,** | : | Chief Judge Algenon L. Marbley |
| | : | |
| v. | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| **GOLDEN STATE ADHESIVES, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter is before the Court on Plaintiff's Motion for Default Judgment. (ECF No. 7). The time for filing a response has passed and Defendant has not responded. For the following reasons, Plaintiff's Motion is **GRANTED**, a **DEFAULT JUDGMENT** is entered against Defendant, and Plaintiff is awarded **$175,375.58** in damages and **$2,395.87** in post-judgment interest, for a total award of **$177,771.45**.

**I. BACKGROUND**

Plaintiff is a manufacturer of industrial services with its principal place of business in Columbus, Ohio. (ECF No. 1 ¶¶ 1, 5). Plaintiff seeks to collect damages from Defendant for breach of contract, action on an account, and unjust enrichment. (*Id*. ¶¶ 15-32). Defendant is a manufacturer and/or provider of adhesive materials with its principal place of business in Chino, California. (*Id*. ¶¶ 2, 6). The Parties entered into a purchase order and invoice relationship with respect to adhesive goods. (*Id*. ¶ 8). Plaintiff alleges it provided Defendant with the goods on numerous occasions between July 22, 20222 and February 17, 2023, but Defendant failed to pay Plaintiff for the goods. (*Id*. ¶¶ 7, 10, 14).

On May 30, 2023, Plaintiff filed its Complaint. (ECF No. 1). Defendant was served with a Summons and a copy of the Complaint on June 5, 2023. (ECF No. 3). Defendant failed to appear or to file a timely answer. Consequently, on July 7, 2023, Plaintiff applied to the Clerk for entry of default against Defendant. (ECF No. 4). On July 10, 2023, the Clerk entered default against Defendant. (ECF No. 5). Plaintiff now moves for default judgment. (ECF No. 7). Defendant has not responded and the time to do so has passed. This matter is now ripe for this Court's judgment.

## II. LAW & ANALYSIS

### A. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure governs defaults and default judgments. *See* Fed. R. Civ. P. 55. The first step is entry of default. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default is entered, a party may take the second step by moving for default judgment. Fed. R. Civ. P. 55(b). At the default judgment stage, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Arthur v. Robert James & Assocs. Asset Mgmt., Inc.*, 2012 WL 1122892, at *1 (S.D. Ohio Apr. 3, 2012) (internal quotation marks omitted).

It is axiomatic that "[a]n entry of default does not automatically entitle the plaintiff to a default judgment." *Methe v. Amazon.com.dedc, LLC*, 2019 WL 3082329, at *1 (S.D. Ohio July 15, 2019). Generally, "[t]he plaintiff must still show that, when all of the factual allegations in the complaint are taken as true, the defendant is liable for the claim(s) asserted." *Id.*; *see also F.C. Franchising Sys., Inc. v. Schweizer*, 2012 WL 1945068 at *3 (S.D. Ohio May 30, 2012) ("[I]t remains for the district court to consider whether the unchallenged facts constitute a cause of

2

action, since a party in default does not admit mere conclusions of law." (quoting *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010)).

When considering whether to enter default judgment, the Sixth Circuit instructs courts to consider the following factors:

> (1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits.

*Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) (citing *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986); *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990); and *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193–94 (6th Cir. 1986)). Here, Plaintiff properly applied for an entry of default after Defendant failed to answer Plaintiff's Complaint and the Clerk entered Defendant's default. Next, this Court will address the *Russell* factors, beginning with the sufficiency of the Complaint and the merits of the claims.

### 1. Sufficient and Meritorious Claims

The Complaint alleges three bases for relief: (1) breach of contract; (2) action on an account; and (3) unjust enrichment. Taking the factual allegations as true, this Court finds that the Complaint states sufficient and meritorious claims against Defendant for breach of contract and action on an account. Based on Ohio law, this Court does not find a sufficient and meritorious claim against Defendant for unjust enrichment.

### a. Breach of Contract

In Count One of the Complaint, Plaintiff alleges breach of contract. (ECF No. 1 ¶¶ 15-19). Under Ohio law, a plaintiff states a claim for breach of contract when there is: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff as a result of the breach. *V & M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465 (6th

Cir. 2012). In this case, taking the facts stated in Plaintiff's Complaint as true, the Parties entered into a purchase order and invoice relationship where Plaintiff agreed to supply Defendant with adhesive goods in exchange for money. (ECF No. 1 ¶¶ 7, 8, 16). Plaintiff preformed its obligations under the agreement by supplying the goods to Defendant on numerous occasions between July 22, 2022 and February 17, 2023. (*Id.* ¶¶ 7, 17). Defendant failed to uphold its end of the agreement by not paying Plaintiff for the goods received. (*Id.* ¶¶ 10, 14, 24). Plaintiff sent two demand letters for payment of the goods, but still never received payment. (*Id*. ¶¶ 12, 13, 14, 18). Defendant's breach of contract is the proximate and direct cause of Plaintiff's damages. (*Id*. ¶¶ 10, 11, 19). Accordingly, Plaintiff's Complaint states a valid claim for breach of contract. Therefore, this factor weighs in favor of default judgment.

b. *Action on an Account*

In Count Two of the Complaint, Plaintiff seeks action on an account. (*Id*. ¶¶ 20-25). Under Ohio law, "an action on an account is appropriate where the parties have conducted a series of transactions, for which a balance remains to be paid." *Taylor Steel, Inc. v. Keeton*, 417 F.3d 598, 604 (6th Cir. 2005). In order to succeed in an action on an account, a plaintiff must "prove both all the elements of the contract and that the contract is one that involves transactions usually the subject of a book account." *Id*. (citing *Am. Sec. Serv., Inc. v. Baumann*, 32 Ohio App.2d 237, 289 N.E.2d 373 (1972)). As explained above, the Parties entered into a purchase order and invoice relationship where Plaintiff agreed to supply Defendant with adhesive goods in exchange for money. (ECF No. 1 ¶¶ 8-9). Therefore, a contract existed.

Having established that a contract existed, a plaintiff must then establish an account, which must show four things: (1) the defendant's name; (2) a beginning balance, preferably of zero but at least of some other provable sum; (3) an itemized list of credits and debits; and (4) a means of

4

determining the calculation of the amount claimed to be owed. *Asset Acceptance Corp. v. Proctor*, 156 Ohio App.3d 60, 804 N.E.2d 975, 977 (2004). Here, Plaintiff provided the Court with a statement of account that contains Defendant's name and address and a list of charges and balance amounts. (ECF No. 1-1). The statement of account also shows a total owed of $175,375.58. (*Id*.). The document does not contain a beginning balance of zero, but the sum totals are easily calculable by totaling each of the balance amounts. Accordingly, Plaintiff's Complaint states a valid claim for action on an account. Therefore, this factor weighs in favor of default judgment.

### c. Unjust Enrichment

In Count Three of the Complaint, Plaintiff alleges unjust enrichment. Under Ohio Law, "a plaintiff may not recover under a theory of unjust enrichment or quasi-contract when an express contract covers the same subject." *Lehmkuhl v. ECR Corp.*, No. 06 CA 039, 2008 WL 5104747, at *5 (2008). Since Plaintiff's claim is based upon an express agreement—i.e., the purchase orders and invoices for the sale of adhesive goods, the facts of this case cannot support an unjust enrichment claim.

### 2. Prejudice to Plaintiff

Having found Plaintiff's breach of contract and action on an account claims sufficient and meritorious, the Court must then examine possible prejudice to Plaintiff if default judgment is not granted. Plaintiff likely will be prejudiced if their Motion is denied. Plaintiff has yet to be paid for goods it supplied Defendant as far back as fourteen months ago. Plaintiff gave Defendant opportunities to pay its outstanding balance by sending demand letters in April 2023 and May 2023 (ECF Nos. 1-2 & 1-3), but Defendant failed to respond to the letter or pay Plaintiff the money it owed. Defendant then failed to respond to Plaintiff's Complaint and Plaintiff's Motion for Default Judgment. To deny default judgment would render Plaintiff's effort at a civil resolution

futile, while rewarding Defendant's avoidance of this litigation. Moreover, were Plaintiff to file another lawsuit, all indications are that it would return to the default judgment stage. Courts find the prejudice factor to be satisfied under such circumstances. *See, e.g.*, *Toler v. Glob. Coll. of Nat. Med., Inc.*, 2016 WL 67529, at *7 (E.D. Mich. Jan. 6, 2016). Accordingly, this factor weighs in favor of default judgment.

### 3. Amount of Money at Stake

Next, the Court considers the amount of money at stake. Plaintiff alleges damages totaling $175,375.58. When this Court sits in diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. The amount of damages Plaintiff seeks is over double the diversity jurisdiction threshold amount. Accordingly, this factor weighs in favor of default judgment.

### 4. Possible Disputed Material Facts

As for the possibility of disputed material facts, Defendant has not given this Court anything to evaluate since it has not participated in this case. Specifically, Defendant did not respond to Plaintiff's Complaint, thereby forfeiting its right to dispute any of Plaintiff's allegations. Defendant. *See Tomlinson v. E. Recovery & Remediation Grp., LLC*, 2019 WL 1380313, at *4 (E.D. Mich. Mar. 27, 2019). Defendant also failed to respond to Plaintiff's Motion for Default Judgment. Therefore, this factor weighs in favor of default judgment.

### 5. Default Due to Excusable Neglect

It is not apparent whether excusable neglect played a role in Defendant's default in this case. Despite being properly served (*see* ECF No. 3), Defendant never made an appearance, answered Plaintiff's Complaint, or responded to Plaintiff's Motion for Default Judgment. Since the reason(s) for Defendant's silence are unknown, this Court treats this factor as neutral.

*6. Preference for Decisions on the Merits*

Finally, the Court must consider "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Inevitably, this factor is in tension with default judgment. Where trial on the merits is not attainable, however, courts recognize that this policy preference must yield to the needs of litigants actually before them. *See, e.g.*, *Toler v. Glob. Coll. of Nat. Med., Inc.*, 2016 WL 67529, at *9 (E.D. Mich. Jan. 6, 2016) ("[W]hile public policy favors resolution of cases on the merits, Defendants and their Counsel have consistently ignored opportunities for a merits-based resolution by refusing to respond in this matter . . . . 'Effective judicial administration requires that at some point disputes be treated as finally and definitively resolved.'" (quoting 10A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2693 (3d ed.)). Since no other factors disfavor default judgment, and since a decision on the merits is neither realistic nor attainable in this case, policy preferences will not preclude Plaintiff's requested relief. Therefore, Plaintiff's Motion for Default Judgment (ECF No. 7) is **GRANTED**.

**B. Damages and Post-Judgment Interest**

*1. Damages*

Having found default judgment proper, the Court next must determine the appropriate measure of damages. Rule 55(b)(2) permits the Court to conduct an evidentiary hearing to determine damages, but it does not require one. *See Vesligaj v. Peterson*, 331 F. App'x 351, 354–55 (6th Cir. 2009) (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). On the one hand, if damages are calculable or liquidated, then the court may forego an evidentiary hearing because the facts establishing damages are not distinct from the facts establishing liability. *See United States v. Di Mucci*, 879 F.2d 1488, 1497–98 (7th Cir. 1989); *Barnes v. Abraham, Inc.*,

2017 WL 5714091, at *2 (S.D. Ohio Nov. 28, 2017) ("A court may determine damages without holding an evidentiary hearing if the damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." (internal quotation marks omitted)). On the other hand, "[w]here damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (internal quotation marks omitted).

Here, Plaintiff seeks $175,375.58—the cost of adhesive goods it supplied Defendant for which Defendant did not pay. Plaintiff provided evidence in the form of a statement of account (ECF No. 1-1) and affidavit of Plaintiff's Controller, Jeni Davis (ECF No. 7-2), establishing the calculability of its damages. This Court is satisfied it can determine the appropriate damages without an evidentiary hearing. Based on the evidence provided by Plaintiff, Defendant owes Plaintiff $175,375.58 for adhesive goods Plaintiff supplied Defendant for which Defendant did not pay. Accordingly, Plaintiff's requested award of **$175,375.58** is **GRANTED**.

2. *Post-Judgment Interest*

Plaintiff also requests post-judgment interest. In diversity cases, "federal law controls post-judgment interest." *Estate of Riddle ex rel. Riddle v. Southern Farm Bureau Life Ins. Co.*, 421 F. 3d 400, 409 (6th Cir. 2005). Pursuant to 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the week preceding the date of judgment." Here, default judgment was entered against Defendant on July 10, 2023. (ECF No. 5). Accordingly, 92 days have elapsed since judgment was entered. The federal post-judgment interest rate for civil judgments entered July 10-16, 2023 was

8

5.42%. *Post Judgment Interest Rates*, JNET – Accounting, UNITED STATES COURTS (September 2023). Therefore, the post-judgment interest for the total award is **$2,395.87**[1] and is **GRANTED**.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment against Defendant is **GRANTED**. A **DEFAULT JUDGMENT** is entered against Defendant. Defendant is **ORDERED** to pay Plaintiff **$175,375.58** in damages and **$2,395.87** in post-judgment interest, for a total amount of **$177,771.45**. This case is **CLOSED**.

**IT IS SO ORDERED.**

_____
ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED: October 30, 2023**

---

[1] 175,375.58 x 0.0542 = 9,505.35644
9,505.35644 / 365 = 26.042
26.042 x 92 = 2,395.87